**RETCAL, INC., etc., Plaintiff,**

v.

**INSULAR LUMBER CO. (PHIL.), INC., etc., et al., Defendants.**

**INSURANCE COMPANY OF NORTH AMERICA, etc., et al., Third-Party Plaintiffs,**

v.

**RETCAL, INC., etc., et al., Third Party Defendants.**

**RETCAL, INC., etc., et al., Third Party Plaintiffs,**

v.

**The VESSEL "HOI FUNG", etc., et al., Third Party Defendants.**

**No. 73-136-AAH.**

United States District Court, C. D. California.

July 3, 1973.

---

Fletcher & Rauch, Los Angeles, Cal., for plaintiff and third party defendant and Third Party Plaintiff Retcal etc.

Graham & James, Long Beach, Cal., for third party defendants Maritime International Development Corp., S.A., and Maritime International Development Corp., Ltd.

Manns, Manns & Lande, Beverly Hills, Cal., for Ins. Co. of North America, and others, third party plaintiffs, and defendant Lumber Companies.

## ORDER GRANTING MOTION TO DISMISS THIRD PARTY COMPLAINTS

HAUK, District Judge.

The motions of Maritime International Development Corp., S.A., and Maritime International Development Corp., Limited, to dismiss the third party complaints against them by Insurance Company of North America, Employers-Commercial Unions Companies, The St. Paul Insurance Companies, West Coast Sales Company, Mitsui & Co. (U.S.A.), Inc., Fronville Commercial Co., Inc. and Retcal, Inc., having been duly noticed, came on for hearing on June 11, 1973, at the Courtroom of the Honorable Judge Andrew Hauk. The Court, after argument, and being duly advised, finds and concludes as follows:

1. Maritime International Development Corp., S.A., the owners of the vessel "HOI FUNG", and Maritime International Development Corp., Limited, its managing agents, do not have, and have never had, any agents, officers, or employees in California, and have never appointed any agents for service of process in California.

2. Neither the vessel "HOI FUNG" nor any other vessel owned by Maritime

International Development Corp., S.A., has ever called in any port in the United States.

3. The Charter Party between Maritime International Development Corp., S.A., and Retla Steamship Company was made and concluded in the Colony of Hong Kong.

4. The "HOI FUNG" burned and it was lost with all cargo aboard, including that of third party plaintiffs, while en route from ports in the Philippines to Kaohsiung, Taiwan, where, had the vessel arrived, the cargo was to be transshipped on other vessels of different owners to ports in the United States, including some ports in California.

5. This Court lacks personal jurisdiction over Maritime International Development Corp., S.A., and Maritime International Development Corp., Limited, and, hence, the third party complaints of Insurance Company of North America, Employers-Commercial Union Company, The St. Paul Insurance Company, West Coast Sales Company, Mitsui & Co. (U.S.A.), Inc., Fronville Commercial Co., Inc. and Retcal, Inc. against them must be dismissed.

6. The third party complaints of Insurance Company of North America, Employers-Commercial Union Company, The St. Paul Insurance Company, West Coast Sales Company, Mitsui & Co. (U.S.A.), Inc. and Fronville Commercial Co. against Maritime International Development Corp., S.A., and Maritime International Development Corp., Limited, must also be dismissed because said third party plaintiffs are neither defendants, defending parties nor claimants under Federal Rules of Civil Procedure, Rule 14(a) and (c) and, hence, are not authorized to file third party complaints.

7. The third party complaints of Insurance Company of North America, Employers-Commercial Union Company, The St. Paul Insurance Company, West Coast Sales Company, Mitsui & Co. (U.S.A.), Inc. and Fronville Commercial Co., Inc. against Retcal, Inc. must be dismissed because said third party plaintiffs are neither defendants, nor defending parties, nor claimants under Federal Rules of Civil Procedure, Rule 14(a) and (c) and, hence, are not authorized to file third party complaints.

8. There is no just reason for delay and, therefore, final judgment of dismissal of the third party complaints, as ordered herein, should be entered forthwith.

It is, therefore, ordered:

1. That the third party complaints of Insurance Company of North America, Employers-Commercial Union Company, The St. Paul Insurance Company, West Coast Sales Company, Mitsui & Co. (U.S.A.), Inc., Fronville Commercial Co., and Retcal, Inc., against Maritime International Development Corp., S.A., and Maritime International Development Corp., Limited, are dismissed for want of personal jurisdiction.

2. That the third party complaints of Insurance Company of North America, Employers-Commercial Union Company, The St. Paul Insurance Company, West Coast Sales Company, Mitsui & Co. (U.S.A.), Inc. and Fronville Commercial Co. against Maritime International Development Corp., S.A., and Maritime International Development Corp., Limited, are dismissed as not authorized by Federal Rules of Civil Procedure, Rule 14(a) or (c).

3. That the third party complaint of Insurance Company of North America, Employers-Commercial Union Company, The St. Paul Insurance Company, West Coast Sales Company, Mitsui & Co. (U.S.A.), Inc. and Fronville Commercial Co. against Retcal, Inc. is dismissed as not authorized under Federal Rules of Civil Procedure, Rule 41(a) or (c).